No. 03-3057

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

SHONDALE GIBSON,

    Petitioner-Appellant,

v.

HARRY K. RUSSELL, Warden,

    Respondent-Appellee.

**FILED**

DEC 1 5 2003

LEONARD GREEN, Clerk

O R D E R

C-1-00-663
HJW

FILED
JAMES BONINI
CLERK
03 DEC 17 AM 8:36

Shondale Gibson appeals a district court judgment dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Gibson's notice of appeal is construed as a request for a certificate of appealability pursuant to Fed. R. App. P. 22(b). He also requests pauper status on appeal.

In 1997, Gibson was convicted of aggravated murder with a capital specification and a firearm specification. He was also convicted of one count of aggravated robbery with a firearm specification. Gibson was sentenced to life in prison without parole on the murder conviction with three additional years for the firearm specification. In addition, Gibson received a ten year to life sentence on the aggravated robbery conviction. In his habeas petition, Gibson stated that his attorney was ineffective. However, the district court dismissed the petition as being barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d).

Although Gibson has not requested a certificate of appealability, his notice of appeal will be deemed as raising the same issue that he presented to the district court. Upon review, the court

hereby denies the application. Gibson has the burden of demonstrating that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). There is no question that Gibson's petition was filed beyond the one-year statue of limitations provided for in § 2244(d). Further, Gibson's failure to pursue his habeas corpus petition in a timely fashion does not establish the due diligence required to obtain equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001). Finally, Gibson has not provided evidence of actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 327 (1995). The court grants Gibson's motion to proceed in forma pauperis for the purpose of this appeal.

ENTERED BY ORDER OF THE COURT

*Leonard Green*
Clerk

A TRUE COPY
Attest:
LEONARD GREEN, Clerk
By: _____
Deputy Clerk